**Tarrance WASHINGTON,**
**Plaintiff–Appellant,**

v.

**John STRESSMAN, Sgt.; Jeffery D.**
**Mazur, Defendants–Appellees.**

**No. 02–1470.**

United States Court of Appeals,
Sixth Circuit.

Jan. 29, 2003.

Before GILMAN and GIBBONS, Circuit Judges; and ECONOMUS, District Judge.*

## ORDER

This is an appeal from a district court decision to grant summary judgment for the defendants in this prisoner civil rights case filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 2000, Michigan inmate Tarrance Washington filed a civil rights action under § 1983 in Michigan state court against two Jackson, Michigan, police officers for an alleged Fourth Amendment violation and related torts. The defendants successfully removed the action to federal district court and, in time, all parties moved for summary judgment. The matter was referred to a magistrate judge who recommended granting summary judgment for the defendants and remanding the ancillary state law claims to Michigan state court. The district court ultimately granted summary judgment for defendants on all issues, while rejecting the recommendation to remand any portion of the action. This appeal followed.

This court reviews de novo a district court's grant of summary judgment. *Thompson v. Ashe*, 250 F.3d 399, 405 (6th Cir.2001). Summary judgment is proper only where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Id.;* Fed.R.Civ.P. 56(c). The court must consider the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits in the light most favorable to the non-moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Thompson*, 250 F.3d at 405. "However, the party opposing the motion may not rely solely on the pleadings and must adduce more than a mere scintilla of evidence; if the nonmoving party fails to make a sufficient showing on an essential element of the case with respect to which the nonmovant has the burden, the moving party is entitled to summary judgment as a matter of law." *Thompson*, 250 F.3d at 405. An examination of the record and law under this standard supports the judgment on review.

The genesis of this action was a search of Washington's residence by the defendants pursuant to a duly issued warrant. The defendants received information in

---

* The Honorable Peter C. Economus, United States District Judge for the Northern District of Ohio sitting by designation.

December 1998 that Washington had been involved in a recent home invasion in Pleasant Lake, Michigan. The officers received corroborating information concerning Washington's role in the home invasion from a second source, one of the persons who perpetrated the invasion and who possessed a watch taken in the invasion. Defendant Mazur took the information to a state court magistrate who issued a warrant to search Washington's residence on January 5, 1999. Defendant Stressman was in charge of the team who executed the warrant. The search yielded crack cocaine, marijuana, drug paraphernalia, and other items. The results of the search lead to Washington's arrest on January 14, 1999. Washington was charged with related offenses (home invasion, assault, felony firearm, and habitual offender / fourth degree) and he ultimately entered a guilty plea to home invasion, second degree. The court sentenced Washington to a five to fifteen year term of imprisonment, a conviction that is valid and for which Washington is presently incarcerated.

Washington filed state court actions involving matters peripheral to the conviction before he filed the present complaint in state court on November 28, 2000. Att. 3. The defendants removed the action to federal court and the parties moved for summary judgment. The magistrate judge recommended that summary judgment should be granted for the defendants on the federal claims, both on the merits and on the basis of the holding in *Heck v. Humphrey,* 512 U.S. 477, 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), and he recommended that the remaining state law claims should be remanded to state court. The district court adopted the recommendation as to the federal claims, but decided to grant the summary judgment for the defendants as to the entire action. On appeal, Washington challenges this decision.

The essence of each claim set forth in Washington's complaint and, in particular, in his motion for summary judgment, is that the named defendants acted in derogation of Washington's Fourth Amendment rights by obtaining and executing the search warrant for Washington's residence. A state prisoner does not state a cognizable claim under § 1983 if a ruling on his claim would necessarily imply the invalidity of his conviction and confinement, until the conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or has been called into question by a federal court's issuance of a writ of habeas corpus. *Heck,* 512 U.S. at 486–87, 114 S.Ct. 2364; *Schilling v. White,* 58 F.3d 1081, 1085–86 (6th Cir.1995). A cursory review of the claims and supporting legal authority shows that the district court properly characterized this action as one whose resolution would, of necessity, call into question the constitutionality of the warrant and subsequent conviction. The legality of Washington's conviction and warrant have never been successfully attacked in any state or federal court. The action, therefore, squarely implicates the concerns expressed in *Heck* and was correctly decided in favor of the defendants. The appeal lacks merit.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.